**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOE WELFORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )   Case No. 4:10CV 225 DJS(LMB) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Act. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Currently pending is Defendant's Motion to Reverse and Remand with Suggestions in Support. (Document Number 19).

In his motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states in his motion that upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to obtain medical expert evidence as to whether the combination of plaintiff's obesity and bilateral knee tears meets or equals Listing 1.02A or any other similarly severe impairment with an onset of

April 23, 2009, or earlier. The ALJ will then consider and re-evaluate the severity of the combination of plaintiff's obesity and knee impairments with this evidence. Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

In his Response, plaintiff states that he agrees that remand is appropriate but objects to the scope of defendant's remand regarding the time period at issue and the issues to be considered upon remand. Specifically, plaintiff contends that the ALJ should consider plaintiff's eligibility for benefits beginning at his alleged onset date of disability (February 18, 2008), through the now established onset date of disability (August 7, 2009). Plaintiff notes that defendant does not describe any error made on the subsequent award of benefits, nor any reason why defendant's ruling in plaintiff's favor should not continue to be binding absent due process notice of it being reviewed. Plaintiff further argues that upon remand, in addition to assessing whether plaintiff meets or equals Listing 1.02(A), the ALJ should properly evaluate plaintiff's residual functional capacity, properly evaluate the medical opinion evidence, and properly analyze plaintiff's credibility.

Defendant has not filed a Reply to plaintiff's Response.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion. The undersigned finds, however, that the ALJ should consider the period from February 18, 2008, through August 6, 2009. If defendant wishes to reopen the subsequent determination awarding benefits, then it should follow the proper procedures set out by Social Security Administration regulations. See 20 C.F.R. § 404.1594, 404.1595, 404.1597, 416.994, 416.995. Further, upon remand, the ALJ shall consider all relevant evidence to determine plaintiff's eligibility during the period of February 18, 2008, through August 6, 2009.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand with Suggestions in Support (Doc. No. 19) be **granted**.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this report and recommendation.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this  2nd  day of November, 2010.

                                                           LEWIS M. BLANTON
                                                           UNITED STATES MAGISTRATE JUDGE